USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **OCT 1 6 2018**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : | |
| Plaintiff, | : | |
|  | : | |
| vs. | : | No. 1:18-cv-8865-AJN-GWG |
|  | : | |
| ELON MUSK | : | |
| Defendant. | : | |

### CONSENT MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff United States Securities and Exchange Commission (the "Commission") respectfully submits this consent motion to enter final judgment according to the parties' settlement. In support of this motion, the Commission states the following:

1.  On September 27, 2018, the Commission filed a Complaint against Defendant Musk alleging violations of the federal securities laws.

2.  The parties have reached a settlement agreement in this case. Attached hereto as Exhibit 1 is the executed Consent of Defendant Elon Musk, setting forth the terms of his settlement with the Commission.

3.  Attached hereto as Exhibit 2 is the proposed Final Judgment to which Defendant Musk agreed. The proposed Final Judgment would permanently enjoin him from violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. It would also order him to pay a penalty of $20,000,000 and to comply with the undertakings detailed in the Final Judgment.

The Commission respectfully requests that the Court enter the proposed Final Judgment attached hereto as Exhibit 2.

Dated: September 29, 2018

Respectfully submitted,

*/s/ Jina L. Choi*
Jina L. Choi
Cheryl L. Crumpton*
E. Barrett Atwood*

*Motion to appear *pro hac vice* pending

U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
(202) 551-4459 (Crumpton)

44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2467 (Atwood)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **No. 1:18-cv-8865-AJN-GWG** |
| | : | |
| **ELON MUSK,** | : | |
| Defendant. | : | |
| | : | |

## CONSENT OF DEFENDANT ELON MUSK

1.    Defendant Elon Musk ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant in this action only and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 13 and except as to personal jurisdiction as to this matter only and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") *[15 U.S.C. § 78j(b)]* and Rule 10b-5 thereunder *[17 C.F.R. § 240.10b-5]*;

(b)    orders Defendant to pay a civil penalty in the amount of $20,000,000 under Section 21(d)(3) of the Exchange Act *[15 U.S.C. § 78u(d)(3)]*; and

(c)    requires Defendant to comply with the undertaking set forth in this Consent and incorporated in the Final Judgment.

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final

Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002, as amended.  Regardless of whether any such Fair Fund

distribution is made, the civil penalty shall be treated as a penalty paid to the government for all

purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty argue

that he is entitled to, nor shall he further benefit by, offset or reduction of any award of

compensatory damages in any Related Investor Action by the amount of any part of Defendant's

payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor

Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of

a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay

the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall

not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of

this paragraph, a "Related Investor Action" means a private damages action brought against

Defendant by or on behalf of one or more investors based on substantially the same facts as

alleged in the Complaint in this action.

    4.    Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

    5.    Defendant undertakes to:

        (a)    resign from his role as Chairman of the Board of Directors of Tesla, Inc.

("Chairman") within forty-five (45) days of the filing of this Consent and

agree not to seek reelection or to accept an appointment as Chairman for a period of three years thereafter.  Upon request by Defendant, the Commission staff may grant in its sole discretion an extension to the deadline set forth above;

(b)    comply with all mandatory procedures implemented by Tesla, Inc. (the "Company") regarding (i) the oversight of communications relating to the Company made in any format, including, but not limited to, posts on social media (*e.g.*, Twitter), the Company's website (*e.g.*, the Company's blog), press releases, and investor calls, and (ii) the pre-approval of any such written communications that contain, or reasonably could contain, information material to the Company or its shareholders; and

(c)    certify, in writing, compliance with undertaking (a) set forth above.  The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence.  Defendant shall submit the certification and supporting material to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than fourteen (14) days from the date of the completion of the undertaking.

6.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, of lack of compliance with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any

4

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code *[11 U.S.C. § 523]* that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code *[11 U.S.C. § 523(a)(19)]*.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

5

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

15.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: September 28 , 2018

_____
Elon Musk


On September 28 , 2018, Elon Musk , a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

ALESSANDRA FRANCESCA FERRIS
Notary Public – California
Santa Clara County
Commission # 2218921
My Comm. Expires Oct 20, 2021

_____
Notary Public
Commission expires:

Approved as to form:

_____
Steven M. Farina
Williams & Connolly LLP
725 Twelfth Street N.W.
Washington, DC 20005

Attorney for Defendant

**CALIFORNIA JURAT**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
                     ) ss.
COUNTY OF ALAMEDA )

Subscribed and sworn to (or affirmed) before me on this 28th day of September 2018, by **Elon Musk**, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS my hand and official seal.

ALESSANDRA FRANCESCA FERRIS
Notary Public – California
Santa Clara County
Commission # 2218921
My Comm. Expires Oct 20, 2021

_____ (Seal)
Notary Public
State of California

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : | |
| Plaintiff, | : | |
| vs. | : | No. 1:18-cv-8865-AJN-GWG |
| ELON MUSK, | : | |
| Defendant. | : | |

## FINAL JUDGMENT AS TO DEFENDANT ELON MUSK

The Securities and Exchange Commission having filed a Complaint and Defendant Elon Musk having entered a general appearance; consented to the Court's jurisdiction over Defendant in this matter only and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") *[15 U.S.C. § 78j(b)]* and Rule 10b-5 promulgated thereunder *[17 C.F.R. § 240.10b-5]*, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light

of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $20,000,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act *[15 U.S.C. § 78u(d)(3)]*. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Elon Musk as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not argue that he is entitled to, nor shall he further benefit by offset or reduction of any award of compensatory damages in any Related Investor Action by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

3

exceptions to discharge set forth in Section 523 of the Bankruptcy Code *[11 U.S.C. § 523]* the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code *[11 U.S.C. § 523(a)(19)]*.  Nothing in this paragraph (a) constitutes an admission by Defendant for any purpose other than determining the applicability of Section 523(a)(19) or (b) affects Defendant's (i) testimonial obligations; or (ii) right to take any legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings set forth therein, including, but not limited to, the undertakings to:

    (a)    resign from his role as Chairman of the Board of Directors of Tesla, Inc. ("Chairman") within forty-five (45) days of the filing of this Consent and agree not to seek reelection or to accept an appointment as Chairman for a period of three years thereafter.  Upon request by Defendant, the Commission staff may grant in its sole discretion an extension to the deadline set forth above;

    (b)    comply with all mandatory procedures implemented by Tesla, Inc. (the "Company") regarding (i) the oversight of communications relating to the Company made in any format, including, but not limited to, posts on social media (*e.g.*, Twitter), the Company's website (*e.g.*, the Company's blog), press releases, and investor calls, and (ii) the pre-approval of any

4

such written communications that contain, or reasonably could contain, information material to the Company or its shareholders; and

(c)     certify, in writing, compliance with undertaking (a) set forth above. The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104, with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F Street NE, Washington, DC 20549, no later than fourteen (14) days from the date of the completion of the undertaking.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:   10/16/18

Hon. Alison J. Nathan
UNITED STATES DISTRICT JUDGE