UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>           vs.<br><br>ELON MUSK,<br><br>                    Defendant. | Civil Action No. 1:18-cv-8865-AJN-GWG |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S CONSENT MOTION TO CONSOLIDATE ACTIONS FOR DISTRIBUTION PURPOSES**

The Securities and Exchange Commission ("SEC" or "Commission") respectfully requests that the Court enter an Order consolidating this action and the later-filed SEC enforcement action, *SEC v. Tesla, Inc.*, 1:18-cv-8947 (S.D.N.Y.) (collectively, the "Tesla Enforcement Actions"), both of which alleged violations of the federal securities laws in connection with Defendant Elon Musk's ("Musk") false and misleading statements. Counsel for Defendant Musk and counsel for Defendant Tesla, Inc. in *SEC v. Tesla, Inc.* consent to this motion. Final judgments have been entered against the defendants in both actions. Pursuant to these final judgments, each defendant paid a civil penalty of $20,000,000.00 for a total amount of $40,000,000.00. These funds were paid into an interest-bearing account at the Bureau of Fiscal Services of the U.S. Treasury Department (the "Distribution Funds"). Each final judgment provides that the Distribution Funds may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010, 15 U.S.C. §7246(a).

The SEC now seeks to consolidate the Tesla Enforcement Actions for the post-judgment purposes of distributing the Distribution Funds to investors that were harmed by Musk's false

and misleading statements. Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate because, for distribution purposes, the actions involve common questions of fact and law.

Joint administration of the Distribution Funds from these actions would promote efficiency and maximize the funds returned to investors. Administering these cases separately would require the appointment of multiple distribution agents, who would have to identify and send notices to many of the same claimants, review possibly redundant proofs of claim, and distribute multiple checks to many of the same investors. Such an unwieldy process would also likely confuse and inconvenience investors, who would receive multiple notices and be required to submit multiple claims forms. Consolidation, by contrast, would permit a single distribution agent to conduct unified notice and claims administration procedures. This would reduce the overall costs of the distribution process, which are paid out of the Distribution Funds and thus ultimately borne by the harmed investors.

WHEREFORE, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached Proposed Order and grant such other relief as the Court deems just and proper.

Dated: February 5, 2019                                         Respectfully Submitted,

/s/ *E. Barrett Atwood*
E. Barrett Atwood
Cheryl L. Crumpton

U.S. Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2467 (Atwood)

100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4459 (Crumpton)

## CERTIFICATE OF SERVICE

I, E. Barrett Atwood, Counsel for The United States Securities and Exchange Commission, certify that on February 5, 2019, a true and correct copy of Plaintiff's Consent Motion to Consolidate was served electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *E. Barrett Atwood*
E. Barrett Atwood
