# CAHILL GORDON & REINDEL LLP
## EIGHTY PINE STREET
## NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| ROBERT A. ALESSI | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | JOEL H. LEVITIN | MICHAEL A. SHERMAN |
| HELENE R. BANKS | ARIEL GOLDMAN | WWW.CAHILL.COM | GEOFFREY E. LIEBMANN | DARREN SILVER |
| ANIRUDH BANSAL | JASON M. HALL | | BRIAN T. MARKLEY | JOSIAH M. SLOTNICK |
| DAVID L. BARASH | WILLIAM M. HARTNETT | 1990 K STREET, N.W. | WILLIAM J. MILLER | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | NOLA B. HELLER | WASHINGTON, DC 20006-1181 | NOAH B. NEWITZ | SUSANNA M. SUH |
| BRADLEY J. BONDI | CRAIG M. HOROWITZ | (202) 862-8900 | MICHAEL J. OHLER | ANTHONY K. TAMA |
| BROCKTON B. BOSSON | DOUGLAS S. HOROWITZ | | DAVID R. OWEN | JONATHAN D. THIER |
| JAMES J. CLARK | TIMOTHY B. HOWELL | | JOHN PAPACHRISTOS | SEAN P. TONOLLI* |
| CHRISTOPHER W. CLEMENT | DAVID G. JANUSZEWSKI | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | JOHN A. TRIPODORO |
| AYANO K. CREED | ELAI KATZ | 24 MONUMENT STREET | KIMBERLY PETILLO-DÉCOSSARD | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | LONDON EC3R 8AJ | SHEILA C. RAMESH | HERBERT S. WASHER |
| STUART G. DOWNING | RICHARD KELLY | +44 (0)20 7920 9800 | MICHAEL W. REDDY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | | OLEG REZZY | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | | JAMES ROBINSON | DAVID WISHENGRAD |
| JENNIFER B. EZRING | TED B. LACEY | WRITER'S DIRECT NUMBER | THORN ROSENTHAL | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | MARC R. LASHBROOK | | TAMMY L. ROY | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | ALIZA R. LEVINE | (202) 862-8910 | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| PIERRE M. GENTIN | | | | |

*ADMITTED IN DC ONLY

February 22, 2019

**VIA FEDEX AND EMAIL**
Cheryl L. Crumpton
Supervisory Trial Counsel
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5985
CrumptonC@sec.gov

Re:   <u>SEC v. Tesla</u>, 1:18-cv-8947-AJN; <u>SEC v. Musk</u>, 1:18-cv-8865-AJN

Dear Ms. Crumpton:

We write on behalf of Tesla, Inc. ("Tesla" or the "Company") and Elon Musk in response to your voluntary requests, dated February 20, 2019 (the "Requests"), in connection with the final judgments entered in the above-referenced matters (the "Final Judgments").

I.   **Background**

Tesla and Mr. Musk take seriously their obligations under the Final Judgments and have made significant changes to the Company's compliance and governance within the short time since the Final Judgments were entered. Pursuant to the terms of the Final Judgments, Tesla has:

- appointed a new independent Chair of the Board on November 7, 2018;

- appointed two new independent directors to the Board of Directors on December 28, 2018;

Cahill Gordon & Reindel llp

- 2 -

- created a permanent, independent Disclosure Controls Committee of the Board of Directors, as of December 11, 2018, to oversee the matters set forth in the Final Judgments;

- designated an experienced securities lawyer (the "Designated Securities Counsel") whose qualifications are not unacceptable to the staff of the Securities and Exchange Commission (the "SEC") on December 18, 2018, to review communications made through Twitter and other social media by the Company's senior officers as set forth in the Final Judgments and to advise the Company on securities issues; and

- implemented revised mandatory procedures and controls relating to communications in any format by the Company's senior executives, including the "Disclosure Controls and Procedures," the "External Communications Policy," and the "Senior Executives Communications Policy," each revised as of December 11, 2018.

In each case, Tesla and Mr. Musk have certified compliance with the above undertakings to the SEC staff within the relevant timeframes set forth in the Final Judgments.

Tesla and Mr. Musk have implemented the revised mandatory procedures and controls relating to communications by the Company and its senior executives. For example, the Designated Securities Counsel, along with other members of Tesla's legal department, reviewed and pre-approved (i) Tesla's January 2, 2019 Q4 Vehicle Production and Deliveries Release; (ii) Mr. Musk's January 18, 2019 email to employees; (iii) Tesla's January 30, 2019 Fourth Quarter & Full Year 2018 Update; (iv) Mr. Musk's fourth quarter earnings call script; and (v) Tesla's February 19, 2019 10-K.

Since Tesla updated its disclosure controls and procedures, the Disclosure Controls Committee and the Designated Securities Counsel have engaged in continuous monitoring and audit of compliance with the Final Judgments. The Designated Securities Counsel and other members of Tesla's legal department have reviewed the updated controls and procedures with Mr. Musk on multiple occasions. Further, the Disclosure Controls Committee and the Designated Securities Counsel have reviewed past written communications and provided guidance to applicable authorized executives, and the Designated Securities Counsel has reported to the Disclosure Controls Committee as to the effectiveness of the Company's policies and procedures.

## II. Response to Requests

The subject matter of Mr. Musk's tweet at 7:15 PM EST on February 20, 2019 had been communicated previously in pre-approved public updates on January 30, 2019. Specifically, in the Company's Fourth Quarter & Full Year 2018 Update, Tesla stated that:

Cahill Gordon & Reindel llp

- 3 -

> Model 3 production volumes in Fremont should gradually continue to grow throughout 2019 and reach a sustained rate of 7,000 units per week by the end of the year. We are planning to continue to produce Model 3 vehicles at maximum production rates throughout 2019. Inclusive of Gigafactory Shanghai, where we are initially aiming for 3,000 Model 3 vehicles per week, *our goal is to be able to produce 10,000 vehicles per week on a sustained basis.* Barring unexpected challenges with Gigafactory Shanghai, *we are targeting annualized Model 3 output in excess of 500,000 units sometime between Q4 of 2019 and Q2 of 2020.* (emphasis added)

These forward-looking statements were echoed in an earnings call, also on January 30, 2019, during which Mr. Musk stated:

> [W]e do feel quite confident at this point, at least for the factories that are in our control, that we can achieve volume production in Shanghai by the end of the year. And that should allow us to get to the 10,000 vehicles a week rate or very close to it by the end of the year.

The January 30, 2019 statements were pre-approved by the General Counsel and the Designated Securities Counsel in compliance with Tesla's internal policies and procedures.

Mr. Musk's 7:15 PM EST tweet—in which he stated that "Tesla made 0 cars in 2011, but will make around 500k in 2019"—was intended to recapitulate the information set forth in these pre-approved statements, which had been published only 20 days prior. Although the 7:15 PM EST tweet was not individually pre-approved, Mr. Musk believed that the substance had already been appropriately vetted, pre-approved, and publicly disseminated. Moreover, the tweet was made outside of NASDAQ trading hours.

Tesla and Mr. Musk are cognizant of the applicable policies and procedures mandated by the Final Judgments where a written communication contains, or reasonably could contain, material information. The Designated Securities Counsel continually monitors Mr. Musk's tweets. Upon seeing the 7:15 PM EST tweet, the Designated Securities Counsel immediately arranged to meet with Mr. Musk at the Fremont factory. Mr. Musk and the Designated Securities Counsel together drafted a clarifying tweet. That tweet, issued at approximately 11:41 PM EST—still well outside NASDAQ trading hours—stated: "Meant to say annualized production rate at end of 2019 probably around 500k, ie 10k cars/week. Deliveries for year still estimated to be about 400k," thus again restating the contents of the January 30, 2019 Fourth Quarter & Full Year 2018 Update.

CONFIDENTIAL TREATMENT REQUESTED UNDER THE FREEDOM OF INFORMATION ACT

Cahill Gordon & Reindel llp

- 4 -

If you have any questions or wish to discuss, please do not hesitate to contact me.

Respectfully submitted,

Bradley J. Bondi

cc: Steve Buchholz (SEC)
FOIA Officer (SEC)
Steven Farina, Williams & Connolly LLP (counsel to Elon Musk)

\*     \*     \*

Tesla respectfully requests that this letter and the materials it encloses be afforded confidential treatment under the Freedom of Information Act ("FOIA") pursuant to 17 C.F.R. § 200.83. We have marked this letter with the legend "Confidential Treatment Requested Under the Freedom of Information Act" in accordance with 17 C.F.R. § 200.83(c)(2). In the event a FOIA Request is received pursuant to which this letter or the enclosed materials could be deemed responsive, Tesla requests, pursuant to 17 C.F.R. § 200.83(d), that prompt notice be provided to the above signed counsel along with a reasonable opportunity to respond prior to any determination by the Commission that any document will be produced. Tesla's request for confidentiality under FOIA is without prejudice to any other rights, objections, or arguments it may have with respect to the confidential nature, and any production to third parties, of this letter or its enclosed materials.