# EXHIBIT  10

0

| | |
|---|---|
| **From:** | Bondi, Bradley J. |
| **To:** | avakians@SEC.GOV; peikinst@SEC.GOV; BuchholzS@sec.gov |
| **Cc:** | Bondi, Bradley J.; Steven M. Farina |
| **Subject:** | Tesla |
| **Date:** | Sunday, September 23, 2018 9:05:10 PM |
| **Attachments:** | Complaint - Redline.docx |
| | ATT00001.htm |
| | Tesla Consent - Redline.docx |
| | ATT00002.htm |
| | Tesla Final Judgment - Redline.docx |
| | ATT00003.htm |
| | Musk Consent - Redline.docx |
| | ATT00004.htm |
| | Musk Final Judgment - Redline.docx |
| | ATT00005.htm |

*Confidential Treatment Requested Under FOIA*

*Confidential Settlement Communication Subject to FRE 408*

Stephanie, Steve, and Steve:

Attached please find redlines of the draft settlement documents for the company and Mr. Musk. For your convenience, we will send to you clean copies of these documents later this evening.

We would appreciate the opportunity to speak with you tomorrow morning or later, at your convenience, to explain our thinking on the revisions. Please let us know what time(s) would work best for you.

Best regards,

Brad Bondi

---

**Bradley J. Bondi | Partner**
**Cahill Gordon & Reindel LLP**
1990 K Street, N.W., Suite 950, Washington, D.C. 20006
80 Pine Street, New York, NY 10005
**t**: +1.202.862.8910 | **t**: +1.212.701.3710| **f**: +1.866.836.0501 | bbondi@cahill.com
www.cahill.com



1  JINA L. CHOI (N.Y. Bar No. 2699718)
   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
2  CHERYL L. CRUMPTON (DC Bar No. 483776)
   crumptonc@sec.gov
3  STEVEN BUCHHOLZ (Cal. Bar No. 202638)
   buchholzs@sec.gov
4  E. BARRETT ATWOOD (Cal. Bar No. 291181)
   atwoode@sec.gov
5  BERNARD B. SMYTH (Cal. Bar No. 217741)
   smythb@sec.gov
6  WALKER S. NEWELL (Cal. Bar No. 282357)
   newellw@sec.gov
7
   Attorneys for Plaintiff
8  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
9  San Francisco, California 94104
   Telephone:  (415) 705-2500
10 Facsimile:  (415) 705-2501

11                     UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14
   SECURITIES AND EXCHANGE COMMISSION,    Case No. _____
15
16              Plaintiff,

17        v.                                **CONSENT OF DEFENDANT
                                            ELON MUSK**
18 ELON MUSK,
   TESLA, INC.
19
20              Defendants.

21

22        1.     Defendant Elon Musk ("Defendant") waives service of a summons and the complaint in

23 this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over

24 the subject matter of this action.

25        2.     Without admitting or denying the allegations of the complaint (except as provided

26 herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant

27 admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the

28 "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

    (b)    orders Defendant to pay a civil penalty in the amount of $10,000,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

    (c)    requires Defendant to comply with the undertaking set forth in this Consent and incorporated in the Final Judgment.

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended.   Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes.   To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not~~, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action,~~ argue that he is entitled to, nor shall he further benefit by, offset or reduction of ~~such~~any award of compensatory damages ~~award~~in any Related Investor Action by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").   If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.   Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.   For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution

1  fund or otherwise used for the benefit of investors.   Defendant further agrees that he shall not claim,

2  assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any

3  penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such

4  penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of

5  investors.

6      5.    Defendant undertakes to:

7      (a)    resign from his role as Chairman of the Board of Directors of Tesla, Inc.

8      ("Chairman") ~~within fifteen (15) days of the filing of this Consent~~ no later than

9      February 28, 2019 and agree not to seek reelection or to accept an appointment

10      as Chairman for a period of two years thereafter;

11      (b)    comply with all mandatory procedures implemented by Tesla, Inc. (the

12      "Company") regarding the oversight ~~and approval of all~~ of his public statements

13      relating to the Company made in any format, including, but not limited to, posts

14      on social media (*e.g.*, Twitter), the Company's website (*e.g.*, the Company's

15      blog), press releases, and investor calls; and

16      (c)    certify, in writing, compliance with undertaking (a) set forth above.   The

17      certification shall identify the undertaking, provide written evidence of

18      compliance in the form of a narrative, and be supported by exhibits sufficient to

19      demonstrate compliance.   The Commission staff may make reasonable requests

20      for further evidence of compliance, and Defendant agrees to provide such

21      evidence.   Defendant shall submit the certification and supporting material to

22      Steven Buchholz, Assistant Regional Director, U.S. Securities and Exchange

23      Commission, 44 Montgomery Street, 28th Floor, San Francisco, CA 94104,

24      with a copy to the Office of Chief Counsel of the Enforcement Division, 100 F

25      Street NE, Washington, DC 20549, no later than fourteen (14) days from the

26      date of the completion of the undertaking.

27      6.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule

28  52 of the Federal Rules of Civil Procedure.

7.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, ~~that he fails to comply~~ of lack of compliance with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.   Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted or that could have been asserted against Defendant in this civil proceeding.   Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.   Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.   Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.   This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.   In addition, in any disciplinary proceeding

1   before the Commission based on the entry of the injunction in this action, Defendant understands that

2   he shall not be permitted to contest the factual allegations of the complaint in this action.

3        13.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e),

4   which provides in part that it is the Commission's policy "not to permit a defendant or respondent to

5   consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or

6   order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the

7   defendant or respondent states that he neither admits nor denies the allegations."   As part of

8   Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:   (i) will not take any

9   action or make or permit to be made any public statement denying, directly or indirectly, any allegation

10  in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make

11  or permit to be made any public statement to the effect that Defendant does not admit the allegations of

12  the complaint, or that this Consent contains no admission of the allegations, without also stating that

13  Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby

14  withdraws any papers filed in this action to the extent that they deny any allegation in the complaint;

15  and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the

16  Bankruptcy Code [11 U.S.C. § 523] ~~that the allegations in the complaint are true, and further,~~ that any

17  debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the

18  Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

19  connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws

20  or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy

21  Code [11 U.S.C. § 523(a)(19)].   If Defendant breaches this agreement, the Commission may petition

22  the Court to vacate the Final Judgment and restore this action to its active docket.   Nothing in this

23  paragraph affects Defendant's:   (i) testimonial obligations; or (ii) right to take legal or factual

24  positions in litigation or other legal proceedings in which the Commission is not a party.   Nothing in

25  this Agreement is intended to have preclusive effect in any other proceeding in which the Commission

26  is not a party.

27       14.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

28  Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the

United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.   For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:   September __, 2018

_____
Elon Musk

On _____, 2018, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
~~Steve~~Steven M. Farina
Williams & Connolly LLP
725 Twelfth Street N.W.
Washington, DC 20005
Attorney for Defendant