UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>vs.<br><br>ELON MUSK,<br><br>      Defendant. | No. 1:18-cv-8865-AJN-GWG<br>[rel. 1:18-cv-8947] |

### CONSENT MOTION TO AMEND FINAL JUDGMENT AS TO DEFENDANT ELON MUSK

In accordance with the parties' agreement, the Securities and Exchange Commission (the "Commission") respectfully submits this consent motion to amend the Final Judgment entered by this Court as to Defendant Elon Musk ("Defendant") on October 16, 2018 (the "Final Judgment"). In support of this motion, the Commission states the following:

1. On September 27, 2018, the Commission filed a Complaint against Defendant alleging that he violated the federal securities laws. Dkt. No. 1.

2. On September 29, 2018, the parties reached a settlement agreement that was submitted to the Court for its approval. Dkt. No. 6. On the same day, the Commission filed a settled Complaint against Tesla, Inc. ("Tesla" or the "Company") alleging that the Company violated the federal securities laws. *SEC v. Tesla, Inc.*, 1:18-cv-8947-AJN-GWG, Dkt. Nos. 1, 3.

3. On October 16, 2018, the Court entered Final Judgments against both Musk and Tesla. The Final Judgment as to Musk ordered him to comply with procedures implemented by Tesla that would require him to seek pre-approval of any written communications that contained or reasonably could contain information material to the Company or its shareholders. Dkt. No.

1

14, at 13-14.  Similarly, the Court's Final Judgment as to Tesla ordered the Company to implement mandatory procedures and controls to pre-approve any written communications by Musk that contained, or reasonably could contain, information material to the Company or its shareholders.  *SEC v. Tesla, Inc.*, Dkt. No 14, at 6.

4. On February 25, 2019, the Commission filed a motion alleging that Defendant violated the pre-approval requirement of the Final Judgment by not obtaining pre-approval of a written communication published via Twitter on February 19, 2019.  Dkt. Nos. 18, 30.  Defendant opposed this motion.  Dkt Nos. 27, 33.

5. On April 5, 2019, the Court held oral argument and ordered the parties to meet and confer for at least one hour in an effort to resolve the Commission's contempt motion and consider modifications to the Court's Final Judgment and Tesla's Senior Executives Communications Policy.  Dkt. No. 39.

6. Attorneys for the Commission, Defendant, and the General Counsel of Tesla met and conferred, and the parties have reached an agreement to resolve the Commission's pending contempt motion and modify the Court's Final Judgment in this case, as well as the Final Judgment in the related case of *SEC v. Tesla, Inc.*, 1:18-cv-8947-AJN-GWG.  Attached hereto as Exhibit 1 is the executed Consent of Defendant Musk, setting forth the terms of his agreement with the Commission.

7. Attached hereto as Exhibit 2 is the proposed Order Amending the Final Judgment (the "Order") to which Defendant agreed.  The proposed Order would replace and supersede subpart (b) of paragraph IV of the Final Judgment with the following language:

> comply with all mandatory procedures implemented by Tesla, Inc. (the "Company") regarding the oversight of communications relating to the Company made in any format, including, but not limited to, posts on social media (*e.g.*, Twitter), the Company's website (*e.g.*, the Company's blog), press releases, and

investor calls; and obtain the pre-approval of an experienced securities lawyer employed by the Company ("Securities Counsel") of any written communication that contains information regarding any of the following topics:

- the Company's financial condition, statements, or results, including earnings or guidance;
- potential or proposed mergers, acquisitions, dispositions, tender offers, or joint ventures;
- production numbers or sales or delivery numbers (whether actual, forecasted, or projected) that have not been previously published via pre-approved written communications issued by the Company ("Official Company Guidance") or deviate from previously published Official Company Guidance;
- new or proposed business lines that are unrelated to then-existing business lines (presently includes vehicles, transportation, and sustainable energy products);
- projection, forecast, or estimate numbers regarding the Company's business that have not been previously published in Official Company Guidance or deviate from previously published Official Company Guidance;
- events regarding the Company's securities (including Musk's acquisition or disposition of the Company's securities), credit facilities, or financing or lending arrangements;
- nonpublic legal or regulatory findings or decisions;
- any event requiring the filing of a Form 8-K by the Company with the Securities and Exchange Commission, including:
    - a change in control; or
    - a change in the Company's directors; any principal executive officer, president, principal financial officer, principal accounting officer, principal operating officer, or any person performing similar functions, or any named executive officer; or
- such other topics as the Company or the majority of the independent members of its Board of Directors may request, if it or they believe pre-approval of communications regarding such additional topics would protect the interests of the Company's shareholders; and

8. In reviewing the terms of a consent judgment in an SEC enforcement case, the district court's role is to determine whether the proposed consent judgment is "fair and reasonable." *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). In this case, the proposed amendment to the Final Judgment is fair, reasonable, and in the interest of the parties and investors because the proposed revisions will provide additional clarity regarding the written communications for which the Defendant is required to obtain pre-approval pursuant to the Final Judgment. Specifically, the proposed amendment provides that Defendant must seek

pre-approval of any written communication that contains information regarding a list of specific topics.[1] This enhanced clarity will reduce the likelihood of future disputes regarding compliance with this provision of the Final Judgment.

9. If the Court grants this motion and enters the proposed Order, this will resolve the Commission's pending motion.

For these reasons, the parties respectfully request that the Court approve and enter the proposed Order Amending the Final Judgment.

Dated: April 26, 2019

Respectfully submitted,

*s/ Cheryl L. Crumpton*
Cheryl L. Crumpton*
E. Barrett Atwood*

*Admitted *pro hac vice*

U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4459 (Crumpton)
crumptonc@sec.gov

44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2467 (Atwood)
atwoode@sec.gov

Of counsel:

Erin E. Schneider
Steven Buchholz
Walker S. Newell

---

[1] This list is not intended to be an exhaustive list of topics that may be material for purposes of the federal securities laws.

## CERTIFICATE OF SERVICE

I certify that on April 26, 2019, a copy of the foregoing was filed through the Court's CM/ECF system, which will send copies to all counsel of record.

*s/ Cheryl L. Crumpton*
Counsel for the SEC
