UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>    Plaintiff,<br><br>    v.<br><br>ELON MUSK,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No. 1:18-cv-8865-AJN-GWG<br>:<br>:<br>:<br>:<br>:<br>: |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA, INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No. 1:18-cv-8947<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MOTION FOR AN ORDER ESTABLISHING A FAIR FUND, APPOINTING A TAX ADMINISTRATOR, AND AUTHORIZING PAYMENT OF TAX RELATED FEES, EXPENSES, AND OBLIGATIONS**

Plaintiff United States Securities and Exchange Commission (the "Commission" or "SEC") submits this Motion for an Order: (1) establishing a Fair Fund for harmed investors, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010 [15 U.S.C. § 7246(a)] ("Sarbanes-Oxley Act"); (2) appointing Miller Kaplan Arase LLP ("Miller Kaplan"), a certified public accounting firm located in San Francisco, California, as Tax Administrator to execute all income tax reporting requirements, including the preparation

and filing of tax returns, and (3) authorizing payment of future taxes, fees, and expenses of the Tax Administrator from the Fair Fund without further Court Order, with respect to funds under this Court's jurisdiction in this case.

The SEC intends to apply to the Court for an Order approving a distribution of collected funds, and the establishment of a Fair Fund and appointment of the Tax Administrator are necessary to ensure that the funds are maintained and distributed in compliance with federal and state tax laws.

A proposed Order has been contemporaneously filed herewith.

## **Background**

On September 27, 2018, the Commission filed a civil action against Defendant Elon Musk ("Musk") alleging violations of the federal securities laws in connection with Musk's false and misleading statements.  On October 16, 2018, the Court entered the Final Judgment that required Musk to pay a civil penalty of $20,000,000.00 and permanently enjoined Musk from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.  On September 29, 2018, the Commission filed a related civil action against Defendant Tesla, Inc. ("Tesla") alleging violations of the federal securities laws also in connection with Musk's false and misleading statements.  Pursuant to the Final Judgment, the Court ordered Tesla to pay a civil penalty of $20,000,000.00 and permanently enjoined Tesla from violations of Rule 13a-15 of the Exchange Act.  On February 6, 2019, the Court entered an Order consolidating the two civil actions for the post-judgment purpose of distributing the funds paid by Musk and Tesla to harmed investors.

The SEC currently holds $41,173,355.02 comprised of the $40,000,000.00 paid by Musk and Tesla, pursuant to their respective Final Judgments, plus accrued interest and earnings.  These funds are currently held in an interest bearing account at the Bureau of

Fiscal Service of the U.S. Treasury Department and will be distributed to harmed investors pursuant to a distribution plan to be approved by this Court.

## Establishment of a Fair Fund

The Commission now moves the Court to establish a Fair Fund for the $40,000,000.00, plus accrued interest and earnings, pursuant to Section 308(a) of the Sarbanes-Oxley Act, which provides in relevant part:

> If in any judicial or administrative action brought by the Commission under the securities laws, the Commission obtains a civil penalty against any person for a violation of such laws, or such person agrees, in settlement of any such action, to such civil penalty, the amount of such penalty shall, on the motion or at the direction of the Commission, be added to and become part of a disgorgement fund or other fund established for the benefit of the victims of such violation.

*See* 15 U.S.C. §7246(a).  The Commission brought this action under the securities laws and both Musk and Tesla have paid a civil penalty pursuant to their respective Final Judgments.  Accordingly, the requirements of Section 308(a) of the Sarbanes-Oxley have been satisfied and the Court should establish a Fair Fund to facilitate the return of money to the victims of the fraud in this matter.

The creation of a Fair Fund is a precursor to creating a distribution plan for Court approval and ultimately distributing funds to victims of the violations of the securities laws.  The SEC intends to develop a distribution plan ("Plan"), which may involve applying to the Court for the appointment of a distribution agent to assist with the development and administration of such Plan, and to then seek Court approval of the Plan.

## Appointment of a Tax Administrator

The Fair Fund constitutes a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 1.468B-1 through 1.468B-5.  A Tax

Administrator, on behalf of the Fair Fund, should be appointed and authorized to take all necessary steps to enable the Fair Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions. The Tax Administrator will cause the Fair Fund to pay taxes in a manner consistent with treatment of the Fair Fund as a QSF.  The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid out of the Fair Fund in accordance with the agreement between the SEC and the Tax Administrator.

The SEC recommends the appointment of Miller Kaplan, which is experienced in the taxation of QSFs and has agreed to reasonable fees for its services.  In summary, the current agreement with Miller Kaplan provides for compensation for services and expenses as follows:

| **SERVICE** | **FIXED FEE** |
| --- | --- |
| Income tax returns, including items a-f (below). | $1,600 |
| Income tax returns, including items a-f (below), for funds with assets of $120,000 or less or that are open and closed within the same year. | $700 |

Fixed fee tax compliance services include:[1]

    a.    Obtain a federal tax identification number for the QSF.

    b.    Prepare and file federal and state income tax returns, as required.

---

[1] These fixed fees include all copying expenses, and any internal expenses of the Tax Administrator in performing these services such as facsimile fees and telephone charges. Expenses that are not included are postage, expedited delivery fees (such as Federal Express), and other extraordinary costs, such as extended telephone conferences and reports.  Additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

      c.      Where required, calculate quarterly estimated tax payments and provide information to the SEC so that payments may be made timely.

      d.      Make arrangements with the SEC or its agents to pay tax liability.

      e.      Calculate and recommend retention of a reserve for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.

      f.      Determine and comply with tax reporting obligations of the QSF relating to distributions or payments to vendors, if applicable.

Miller Kaplan has served as a tax administrator on numerous QSF's established by the Commission. The Commission respectfully requests that the Court appoint Miller Kaplan as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to the Fair Fund under this Court's jurisdiction.

## **Authorization to Pay Future Tax Obligations and Tax Administrator Fees and Expenses**

In an effort to meet future tax payment deadlines, avoid the assessment of late payment penalties, and make timely payment to the Tax Administrator for services provided, the SEC further requests that SEC staff be authorized to approve and arrange payment of all future tax obligations and Tax Administrator fees and expenses from the Fair Fund without further Court approval. Authorizing the SEC staff to approve and pay future tax obligations and tax administration fees and expenses from the Fair Fund without further Court approval will expedite the payment process, reducing the risk of late tax payments and penalties. All tax payments and tax administration fees will be reported to this Court in the final accounting of the Fair Fund once any court authorized distribution is complete.

## Conclusion

**WHEREFORE**, for all of the foregoing reasons, the Commission respectfully requests that this Court enter the attached Proposed Order and grant such other relief as the Court deems just and proper.

Dated:  February 24, 2020                    Respectfully Submitted,

                                             s/ Adriene Mixon
                                             Adriene Mixon
                                             Assistant Chief Litigation Counsel
                                             Attorney for Plaintiff
                                             U.S. Securities and Exchange Commission
                                             444 South Flower Street, Suite 900
                                             Los Angeles, CA 90071
                                             Telephone: (202) 551-4463
                                             Facsimile: (202) 772-9363
                                             Email: MixonA@sec.gov

## CERTIFICATE OF SERVICE

I, Adriene Mixon, Counsel for The United States Securities and Exchange Commission, certify that on February 24, 2020, a true and correct copy of Plaintiff's Motion for an Order Establishing a Fair Fund, Appointing a Tax Administrator, and Authorizing Payment of Tax Related Fees, Expenses, and Obligations was served electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Adriene Mixon
Adriene Mixon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>Defendant. | Civil Action No. 1:18-cv-8865-AJN-GWG |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Civil Action No. 1:18-cv-8947 |

**ORDER ESTABLISHING A FAIR FUND, APPOINTING A TAX ADMINISTRATOR, AND AUTHORIZING PAYMENT OF TAX RELATED FEES, EXPENSES, AND OBLIGATIONS**

The Court having reviewed the United States Securities and Exchange Commission's ("Commission") Motion for an Order Establishing a Fair Fund, Appointing a Tax Administrator, and to authorize payment of future tax obligations and the fees and expenses of the Tax Administrator (the "Motion") and for good cause show,

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED**.

2. A Fair Fund is hereby established pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010 [15 U.S.C. §7246(a)] for the $40,000,000.00 paid by Musk and Telsa, along with any accrued interest and earnings thereon (the "Fair Fund").

3. Miller Kaplan Arase LLP ("Miller Kaplan") is appointed as the Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, for all funds under the Court's jurisdiction in this case.

4. Miller Kaplan shall be designated as the Tax Administrator of the Fair Fund, pursuant to Section 468B(g) of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a tax payer identification number; (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Fair Fund; and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Fair Fund. Upon request, Miller Kaplan shall provide copies of any filings to the Commission's counsel of record.

5. The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Fair Fund, submit a request to the SEC's counsel of record for payment from the Fair Fund of any tax obligations of the Fair Fund.

6. The Tax Administrator shall be entitled to charge reasonable fees and expenses for tax compliance services in accordance with its agreement with the Commission for the Tax Years 2019 through 2021. The Tax Administrator shall, at such times as the Tax Administrator deems appropriate, submit a request to the SEC's counsel of record for payment of fees and expenses from the Fair Fund.

7. The SEC is authorized to approve and arrange payment of all future tax obligations owed by the Fair Fund and tax administrator fees and expenses owed by the Fair Fund directly from the Fair Fund without further order of this Court.  All payments for taxes and the fees and expenses of the Tax Administrator shall be reported to the Court in a final accounting.


Dated: _____                           _____
                                                 UNITED STATES DISTRICT JUDGE