UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | : Civil Action No. 1:18-cv-8865-AJN-GWG <br> : |
| ELON MUSK, | : <br> : |
| **Defendant.** | : <br> : |

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | : Civil Action No. 1:18-cv-8947 <br> : |
| TESLA, INC., | : <br> : |
| **Defendant.** | : <br> : |

---

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION AND MEMORANDUM TO APPOINT A DISTRIBUTION AGENT AND AUTHORIZE PAYMENT OF ADMINISTRATIVE FEES AND EXPENSES**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the accompanying Motion, Memorandum, and Proposed Order, and all other papers and proceedings herein, Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") will move this Court, the Honorable Alison J. Nathan, for an Order Appointing a Distribution Agent and Authorizing Payment of Administrative Fees and Expenses of the Distribution Agent.

1

**MOTION**

The Commission moves this Court for an Order appointing Rust Consulting ("Rust"), as Distribution Agent, to undertake and coordinate the steps necessary for the distribution of monies to harmed investors from the Fair Fund established pursuant to Court Order entered February 26, 2020 (Dkt. No. 53). The Commission staff will work with the Distribution Agent to develop a Plan of Distribution ("Plan") and will return to the Court separately to move for approval of the proposed Plan. The Commission further moves this Court for an Order authorizing the Commission staff to approve and direct the payment of the administrative fees and expenses of Rust from the Fair Fund without further Court Order. A proposed Order has been contemporaneously filed herewith.

**MEMORANDUM OF LAW**

**I.      Background**

On September 27, 2018, the Commission filed a civil action against Defendant Elon Musk ("Musk") alleging violations of the federal securities laws in connection with Musk's false and misleading statements. On October 16, 2018, the Court entered the Final Judgment that required Musk to pay a civil penalty of $20,000,000.00 and permanently enjoined Musk from violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. On September 29, 2018, the Commission filed a related civil action against Defendant Tesla, Inc. ("Tesla") alleging violations of the federal securities laws also in connection with Musk's false and misleading statements. Pursuant to the Final Judgment, Tesla was ordered to pay a civil penalty of $20,000,000.00. As required by the Final Judgments, together Musk and Tesla (collectively "Defendants") have paid a total of $40,000,000.00 to the Commission.

On February 6, 2019, the Court entered an Order consolidating the two civil actions for the post-judgment purpose of distributing the funds paid by Defendants.

By Order entered February 26, 2020, the Court established a Fair Fund so that the civil penalties paid by Defendants can be distributed to harmed investors (the "Fair Fund"), and appointed Miller Kaplan Arase LLP ("Miller Kaplan"), as the tax administrator of the Fair Fund.

The Fair Fund resides in an interest bearing account at the U.S. Treasury's Bureau of Fiscal Services ("BFS"). The Fair Fund currently has a balance of $41,173,355.02.

## II.     The Court Should Appoint Rust as Distribution Agent

The Commission respectfully moves this Court to appoint Rust as the Distribution Agent for the Fair Fund to facilitate the development and administration of the Plan and the ultimate handling of any distribution in this case. If appointed, Rust will work with the Commission staff on formulating the Plan and obtaining the Court's approval of the Plan, as well as determining the identities of the injured investors and amounts lost, establishing a claims process to evaluate and verify claims, fielding inquiries from investors, and overseeing the ultimate distribution of the Fair Fund for the benefit of investors who were injured by the actions alleged in the Complaints filed in these matters. Rust is highly qualified for the tasks required of a distribution agent and will be fair, efficient, cost-effective, and timely in its efforts. Rust is part of a pool of administrators the Commission has approved for appointment in administrative proceedings and for recommendation to the Court in civil proceedings. The Commission's recommendation of Rust is based on a process in which the Commission solicited, reviewed and analyzed proposals from prospective distribution agents in the approved pool, including a pricing schedule that will allow the Commission to monitor invoices and the costs of administering this distribution. More

specifically, Rust's management team has experience in developing plans of allocation related to SEC cases. This process led the Commission to conclude that Rust is well-qualified for this distribution and its pricing is competitive and reasonable.

Rust does not have any conflicts of interest that would keep it from fully and fairly exercising its duties as the Distribution Agent for the Fair Fund. If appointed by the Court, Rust will also take affirmative steps to ensure that any entities or individuals engaged by Rust also have no such conflicts of interest.

As part of its duties, Rust will coordinate with the Court appointed Tax Administrator to ensure that the Fair Fund, a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code, and related regulations, 26 C.F.R §§ 1.468B-1 through 5, complies with all related legal and regulatory requirements, including but not limited to, satisfying any reporting or withholding requirements imposed on the distributions from the QSF.

Rust will invoice its fees and expenses incurred in the administration and distribution of the Fair Fund to the Commission for review and approval. Any unresolved objections to an invoiced amount will be referred to the Court.

Within forty-five (45) days of the Court's approval of the Plan, Rust will provide a status report, and thereafter, will provide additional reports and quarterly account statements within thirty (30) days after the end of every quarter. Moreover, once the Fair Fund has been transferred to an escrow account opened by Rust as Distribution Agent, Rust will include with its quarterly reports a quarterly accounting report in a format to be provided by the Commission. The status report and quarterly accounting report will inform the Court and the Commission of the activities and status of the Fair Fund during the relevant period and will specify, at a minimum (a) the location of the account(s) comprising the Fair Fund, and (b) an interim

accounting of all monies in the Fair Fund as of the most recent month-end, including the value of the accounts(s), all monies earned or received into the account(s), funds distributed to harmed investors under the Court approved Plan, and any monies expended from the Fair Fund, including fees, expenses, and taxes incurred by, or imposed on, the Fair Fund.

Upon completing its duties as Distribution Agent, Rust, working with the appointed Tax Administrator, will prepare a final report and final accounting for filing with the Court, in a format to be provided by the Commission.

Rust may be removed *sua sponte* at any time by the Court or upon motion of the Commission and replaced with a successor. In the event Rust decides to resign, it will first give written notice to the Court and to the Commission of such intention, and the resignation, if permitted, will not be effective until the Court appoints a successor.

### III. The Court Should Authorize the Commission Staff to Direct Payment of Administrative Fees and Expenses without Further Court Order

In order to ensure timely payments of Rust's fees and expenses, the Commission further requests that Commission staff be authorized to approve and arrange payment of all Rust's administrative fees and expenses from the Fair Fund without further Court approval. By way of mechanics, Rust will provide invoices for review and approval by the Commission, which shall include supporting documentation to justify the expenses, or services rendered. Upon review and comparison with price commitments made by Rust to the Commission, the Commission will, as appropriate, authorize payment from the Fair Fund. All such expenditures will be reported to this Court in the final accounting of the Fair Fund once any Court-authorized distribution is complete.

## IV. Conclusion

WHEREFORE, for all of the foregoing reasons, the Commission respectfully requests that this Court enter the attached Proposed Order and grant such other relief as the Court deems just and proper.

Dated: April 30, 2021

Respectfully Submitted,

/s/ Adriene Mixon
Adriene Mixon
Assistant Chief Litigation Counsel
Attorney for Plaintiff
U.S. Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071
Tel: (202) 551-4463
Email: MixonA@sec.gov

## **CERTIFICATE OF SERVICE**

I, Adriene Mixon, Counsel for the United States Securities and Exchange Commission certify that on April 30, 2021, a true and correct copy of Plaintiff's Motion for an Order Appointing a Distribution Agent and Authorizing Payment of Administrative Fees and Expenses was served electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Adriene Mixon<br>Adriene Mixon