UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>         Plaintiff,<br><br>         v.<br><br>ELON MUSK,<br><br>         Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 1:18-cv-8865-AJN-GWG<br>:<br>:<br>:<br>:<br>: |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>         Plaintiff,<br><br>         v.<br><br>TESLA, INC.,<br><br>         Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 1:18-cv-8947<br>:<br>:<br>:<br>:<br>: |

**ORDER APPOINTING A DISTRIBUTION AGENT AND AUTHORIZING PAYMENT OF ADMINISTRATIVE FEES AND EXPENSES**

The Court, having reviewed the Motion of Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") for an Order appointing Rust Consulting ("Rust") as distribution agent and authorizing payment of Rust's administrative fees and expenses from the Fair Fund established in this matter (the "Fair Fund") without further Court Order and for good cause shown,

1

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED**;

2. Rust is appointed to serve as Distribution Agent (the "Distribution Agent") for the Fair Fund to assist in overseeing the administration and the distribution of the Fair Fund in coordination with the Commission staff, pursuant to the distribution plan (the "Plan") to be approved by this Court;

3. Rust shall perform services in accordance with the pricing schedule and cost proposal submitted by the Distribution Agent to the Commission. Such services may include, but are not limited to, developing a Plan, determining the identities of injured investors and the amounts lost, establishing a claims process to evaluate and verify claims, fielding inquiries from investors and managing the ultimate distribution of the Fair Fund;

4. Rust shall coordinate with the Court-appointed Tax Administrator, Miller Kaplan Arase LLP, to ensure that the Fair Fund, a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code, and regulated regulations, 26 C.F.R. §§ 1.468B-1 through 5, complies with all related legal and regulatory requirements, including but not limited to, satisfying any reporting or withholding requirements imposed on distribution from the QSF;

5. Rust shall invoice all administrative fees and expenses incurred in the administration and distribution of the Fair Fund to the Commission for review and approval by the Commission. Any unresolved objections to an invoiced amount will be referred to the Court;

6. Within forty-five (45) days of the Court's approval of the Plan, Rust will provide a status report, and thereafter, will provide additional reports and quarterly account statements within thirty (30) days after the end of every quarter. Moreover, once the Fair Fund has been transferred to an escrow account opened by Rust as Distribution Agent, Rust will include with its

quarterly reports a quarterly accounting report in a format to be provided by the Commission. The status report and quarterly accounting report will inform the Court and the Commission of the activities and status of the Fair Fund during the relevant period and will specify, at a minimum (a) the location of the account(s) comprising the Fair Fund; and (b) an interim accounting of all monies in the Fair Fund as of the most recent month-end, including the value of the account(s), all monies earned or received into the account(s), funds distributed to harmed investors under the Court approved Plan, and any monies expended from the Fair Fund, including fees, expenses, and taxes incurred by, or imposed on, the Fair Fund;

7. Upon completing its duties as Distribution Agent, Rust, working with the Court-appointed Tax Administrator, Miller Kaplan Arase LLP, will prepare a final report and final accounting for filing with the Court, in a format to be provided by the Commission;

8. Rust may be removed *sua sponte* at any time by the Court or upon motion of the Commission and replaced with a successor. In the event Rust decides to resign, it will first give written notice to the Court and to Commission staff of such intention, and the resignation, if permitted, will not be effective until the Court appoints a successor;

9. The Distribution Agent will be entitled to charge reasonable fees and related expenses incurred in the performance of its duties, in accordance with the cost proposal submitted to the Commission staff. The Commission is authorized to approve and arrange payment of the fees and expenses of the Distribution Agent directly from the Fair Fund without further order of this Court. The Distribution Agent will submit invoices of all fees and expenses incurred in connection with its duties to the Commission staff for review and, as appropriate, payment. All payments will be reflected in the final accounting referenced herein; and

10.     The Court will retain exclusive jurisdiction over the distribution, including, but not limited to, claims against the Distribution Agent asserting liability for violation of any duty imposed by the Plan or other Court order.

**IT IS SO ORDERED**.

Dated: April __, 2021

_____
Honorable Alison J. Nathan
United States District Judge