

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
44 MONTGOMERY STREET, SUITE 2800
SAN FRANCISCO, CA 94104

SAN FRANCISCO
REGIONAL OFFICE

February 18, 2022

<u>Via ECF</u>

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *SEC v. Tesla, Inc.*, 1:18-cv-8947-AJN; *SEC v. Musk,* 1:18-cv-8865-AJN

Dear Judge Nathan:

      We write in response to the February 17, 2022 letter filed by Alex Spiro, Esq. on behalf of Tesla, Inc. and Elon Musk in the above-referenced matters. Dkt. No. 61 (all docket citations refer to the *SEC v. Musk* matter).

      Contrary to Mr. Spiro's assertions, the Commission is in compliance with the Court's orders regarding the filing of status reports. As delineated in the status report of Rust Consulting filed on January 5, 2022, Dkt. No. 57, and endorsed by the Court on January 10, 2022, Dkt. No. 58, all status reports are due 45 days after the Court's approval of the distribution plan. We note that Mr. Spiro's letter is the first time we have seen Tesla and Mr. Musk express any concerns regarding the distribution of the penalties Mr. Musk and Tesla paid to settle this litigation.

      As the Court knows, the Commission's Distributions staff petitioned the Court to establish a fair fund and to appoint a tax administrator and distribution agent. Dkt. No. 52. The staff has been working closely with the distribution agent and the Commission's Division of Economic and Risk Analysis to develop a methodology to compensate investors who were harmed by the misconduct alleged in the Commission's Complaints against Tesla and Mr. Musk. Given the complexity of the distribution, it has taken time to develop the plan of allocation. That process is nearing completion and, barring any unforeseen circumstances, the Distributions staff expects to submit the proposed plan of distribution for the Court's approval by the end of March 2022.

      Mr. Spiro also complains that the Commission's enforcement staff has been communicating with Tesla and Mr. Musk regarding certain of Mr. Musk's tweets since

the Amended Judgments were signed by the Court. Specifically, Mr. Spiro claims that "Mr. Musk and Tesla understood that settling with the SEC would ... make this Court, and not the SEC alone, the monitor over any perceived compliance issues going forward." Dkt. No. 61, at 2. However, the Court did not order any such monitoring process by the Court. To the contrary, during the April 4, 2019 contempt hearing, Dkt. No. 40 at 70-71, the Court encouraged the parties to make good faith efforts to meet and confer before raising with the Court any issues about compliance with the Amended Judgments. The Commission's enforcement staff have, accordingly, sought to meet and confer with counsel for Tesla and Mr. Musk to address any concerns regarding Tesla and Mr. Musk's compliance with the Court's Amended Judgments.

Finally, Mr. Spiro's letter incorrectly implies that the Commission staff have issued subpoenas in this litigation. That simply is not true—the Commission staff have not issued any subpoenas in this litigation. If Tesla and Mr. Musk have legitimate objections with the SEC's processes outside this litigation, they should pursue those objections in the appropriate forum. *See Sprecher v. Von Stein*, 772 F.2d 16, 18 (2d Cir. 1985) (citing *Sprecher v. Graber*, 716 F.2d 968, 975 (2d Cir. 1983)) (ruling that "[t]he exclusive method for testing the validity of the SEC's investigatory motives or methods is a contested subpoena enforcement proceeding under 15 U.S.C. § 78u(c).").

The SEC is happy to provide any additional briefing requested by the Court.

Respectfully submitted,

*/s/ Steven Buchholz*