UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States Securities and Exchange Commission, | |
| Plaintiff, | 18-cv-8865 (AJN) |
| –v– | |
| Elon Musk, | |
| Defendant. | |

| | |
|---|---|
| United States Securities and Exchange Commission, | |
| Plaintiff, | 18-cv-8947 (AJN) |
| –v– | ORDER |
| Tesla, Inc., | |
| Defendant. | |

ALISON J. NATHAN, District Judge:

The Court is in receipt of the Defendants Elon Musk and Tesla, Inc.'s letter dated February 17, 2022, as well as the Commission's response dated February 18, 2022, and the Defendants' further letter dated February 21, 2022. Dkt. Nos. 61, 63, 64.

The Defendants' precise application to the Court is unclear. They request a conference to address "why the SEC has failed to distribute these funds to shareholders but has chosen to spend its energy and resources investigating Mr. Musk's and Tesla's compliance with the consent decree by issuing subpoenas unilaterally, without Court approval." Dkt. No. 61 at 1. The Court

DENIES this request for a conference.  To the extent that the Defendants seek to impose a deadline on the Commission's implementation of a Plan of Distribution of the Fair Fund, the Defendants may file a motion and submit briefing in support of doing so.  Otherwise, the Court cannot enforce a deadline that does not currently exist.  *E.g.*, Dkt. Nos. 14, 53, 55.

Further, to the extent that the Defendants have a non-frivolous basis to quash a subpoena in light of the Court's prior orders in this case, the Defendants may make a motion, supported by briefing, that requests specific relief from the Court.

The Defendants also seek "on-the-record assurance that the Commission has not leaked investigative details in violation of its own rules and policies, and is otherwise acting in accordance with the law." Dkt. No. 64 at 2–3.  The letter does not contain specific facts or legal authority to justify this request.  Moreover, the Court doubts that the regulations invoked by the Defendants, 17 C.F.R. §§ 203.2, 203.5, are judicially enforceable against the Commission, *see LaMorte v. Mansfield*, 438 F.2d 448, 450–51 (2d Cir. 1971) (explaining that the regulations describe only "the discretion possessed by the agency in determining whether to disclose information," a privilege that "is the agency's, not the witness'[s]").  The request is DENIED.

SO ORDERED.

Dated: February 24, 2022
  New York, New York

_____
ALISON J. NATHAN
United States District Judge