# Exhibit E

quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

May 22, 2020

**Via email to buchholzs@sec.gov**

Steven Buchholz
Assistant Reginal Director
U.S. Securities & Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

Dear Mr. Buchholz:

We write on behalf of our client Tesla, Inc. ("Tesla") in response to your letter dated May 20, 2020, requesting a further meet and confer and voluntary production of certain documents regarding Mr. Musk's May 1 tweet regarding his opinion of Tesla's stock price (the "May 1 Tweet"). Following our May 15 meet and confer, Tesla carefully considered the staff's position and requests for information. Tesla stands by its previous determination that Mr. Musk's May 1 Tweet did not fall within the parameters of the Amended Final Judgment and accordingly, Tesla declines to produce the documents requested.

As discussed, Mr. Musk's most recent tweet sharing his opinion about Tesla's stock price did not violate the Amended Final Judgment. That Judgment lists the enumerated topics on which Mr. Musk needed to seek pre-approval before tweeting. Tesla's stock price is not on that list. Nor can we fathom how anyone would have thought it belonged on that list, considering that CEOs remark about their companies' stock regularly (including when they state or suggest the price is lower than it should be) without the SEC raising issues. Further, the SEC's assertion that Tesla's stock price is "inextricably linked to its financial condition" ignores both Tesla and general market history in which stock prices as often as not have no correlation to the financial condition, and reflect other judgments including expectations for the future. Simply stated, Mr. Musk's May 1 Tweet does not violate the Amended Judgment. And absent a violation, the SEC has no right to inspection.

Worse yet, the SEC is attempting to use the Amended Judgment to trample the First Amendment rights of Mr. Musk—an outspoken critic of the SEC. This has no basis in the law. Consent decrees, like the Amended Judgment, must be interpreted narrowly—especially when constitutional rights, such as free speech, are involved. See *United States v. Armour & Co.*, 402 U.S. 673, 682–83 (1971). Mr. Musk has a right to tweet freely on matters not on the Amended Judgment's list. *See Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226,

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

237 (2d Cir. 2019) ("[S]ocial media is entitled to the same First Amendment protections as other forms of media."). When Mr. Musk opines to the public via Twitter about his views on Tesla's stock price—whether it is too high, too low, laudable, or lamentable—he speaks to a matter of public concern and is entitled to corresponding protection under the First Amendment. *See, e.g.*, *Jian Zhang v. Baidu.com Inc.*, 10 F. Supp. 3d 433, 441 (S.D.N.Y. 2014) (holding that speech with some commercial aspects is not "commercial speech" when the statements "relate to matters of public concern and do not themselves propose transactions"). Tesla will not enable the SEC to turn the Amended Judgment into a sword for First Amendment oppression by unilaterally expanding its mandate beyond the pre-approval-topics list and into abstract pronouncements on matters of free speech.

In the end, the current dispute appears to be nothing more than yet another attempt to harass Tesla and silence Mr. Musk. Over the course of many years, SEC investigations have overlapped endlessly with one another such that there has been no reprieve from the SEC's intense, and meritless, focus on Mr. Musk and his businesses. The serial nature of these investigations leaves us gravely concerned that the SEC is targeting Mr. Musk for an improper purpose.

Thank you,

Alex Spiro
QUINN EMANUEL URQUHART & SULLIVAN, LLP