UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br> v.<br><br>ELON MUSK,<br><br>   Defendant. | Civil Action No. 1:18-cv-08865-AJN |

**DECLARATION OF ELON MUSK IN SUPPORT OF HIS MOTION TO QUASH & TO TERMINATE CONSENT DECREE**

I, Elon R. Musk, declare as follows:

1. I am the Chief Executive Officer of Tesla, Inc. ("Tesla").

2. On August 7, 2018, I learned that the Securities and Exchange Commission ("SEC" or "Commission") intended to investigate a Twitter communication I made on the same day.

3. My August 7, 2018 tweet was written at a time when I *was* in fact considering taking Tesla private at $420 a share, funding *was* secured, and there *was* investor support. *See* Exhibit A at 1 (Defs.' Opp'n. to Pl.'s Mot. for Partial Summ. J., *In re Tesla, Inc. Securities Litig.*, No. 3:18-cv-04865-EMC (N.D. Cal. Feb. 1, 2022)).

4. Despite this, the SEC's unrelenting regulatory pressure, combined with the attendant collateral consequence of the SEC's complaint against me, caused a scenario in which I was forced to sign the consent decree in 2018. Tesla was a less mature company and the SEC's action stood to jeopardize the company's financing. Defending against the SEC's action through

protracted litigation was not in the interests of the company and its shareholders. As Tesla's CEO and Chairman at the time, I perceived that the company and its shareholders would be placed at undue risk unless I settled the matter promptly.

5. In September 2018, before filing this action, the SEC offered me a no-admit, no-deny monetary settlement with no officer or director bar. Moments before proceeding with this settlement, on September 26, I learned for the first time that the settlement could require *multiple* companies I was affiliated with—Tesla, SpaceX, The Boring Company, and Neuralink—to either seek a publicly accessible waiver letter regarding the SEC's allegations or risk their future ability to raise money through Regulation D offerings.

6. Upon receipt of this information, I was adamant that we needed to withdraw from SEC negotiations. I had only wanted to settle to help Tesla, but I did not wish to cause harm to the other companies. It felt wrong to do so.

7. On September 27, my counsel informed the SEC that I had withdrawn my consent to move forward with the settlement. The Commission filed their complaint against me in this case the same day.

8. The potential harms of the SEC's action to Tesla and its shareholders were immediately apparent. On September 28, I learned from Tesla's Investor Relations team that several of Tesla's largest shareholders could cede their ownership in Tesla—substantially impacting Tesla's financing—if the case was not settled expediently. I entered into the consent decree for the immediate survival of Tesla.

9. I never lied to shareholders. I would never lie to shareholders. I entered into the consent decree for the survival of Tesla, for the sake of its shareholders.

I declare under penalty of perjury that the foregoing is true and correct.

Date:    March 7, 2022                  Respectfully submitted,

Place:    New York, NY