## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____ :
**UNITED STATES SECURITIES AND**       :
**EXCHANGE COMMISSION**                 :
                                   :
    **Plaintiff,**  :
                                   :
    **v.**          : Civil Action No. 1:18-cv-8865-AJN-GWG
                                   :
**ELON MUSK,**                          :
                                   :
    **Defendant.**   :
_____ :


_____ :
**UNITED STATES SECURITIES AND**       :
**EXCHANGE COMMISSION**                 :
                                   :
    **Plaintiff,**  :
                                   :
    **v.**          : Civil Action No. 1:18-cv-8947
                                   :
**TESLA, INC.,**                        :
                                   :
    **Defendant.**   :
_____ :

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION AND MEMORANDUM TO APPROVE A DISTRIBUTION PLAN

## NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the accompanying Motion, Memorandum, and Proposed Order, and all other papers and proceedings herein, Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") will move this Court, the Honorable Alison J. Nathan, for an Order approving a Distribution Plan.

1

**MOTION**

The Commission moves this Court to enter an Order approving the Commission's proposed plan to distribute funds paid by defendants Elon Musk ("Musk") and Tesla, Inc. ("Tesla") (collectively "Defendants") to Eligible Claimants[1] who have a Recognized Loss calculated pursuant to the Plan of Distribution (the "Distribution Plan" or "Plan") submitted herewith.

**MEMORANDUM OF LAW**

**I.    Background**

On September 27, 2018, the Commission filed a civil action against Defendant Musk alleging violations of the federal securities laws in connection with certain false and misleading statements by Musk.  On October 16, 2018, the Court entered the Final Judgment that required Musk to pay a civil penalty of $20,000,000.00 and permanently enjoined Musk from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.  On September 29, 2018, the Commission filed a related civil action against Defendant Tesla alleging violations of the federal securities laws also in connection with Musk's false and misleading statements.  On October 16, 2018, the Court entered the Final Judgment that required Tesla to pay a civil penalty of $20,000,000.00 and permanently enjoined Tesla from violating Exchange Act Rule 13a-15.  As required by the Final Judgments, together Defendants have paid a total of $40,000,000.00 to the Commission.

On February 6, 2019, the Court entered an Order consolidating the two civil actions for the post-judgment purpose of distributing the funds paid by Defendants.

---

[1] Capitalized terms are as defined in the proposed Plan of Distribution.

By Order entered February 26, 2020, the Court established a Fair Fund so that the civil penalties paid by Defendants can be distributed to harmed investors (the "Fair Fund"), and appointed Miller Kaplan Arase LLP ("Miller Kaplan") as the tax administrator of the Fair Fund.

The Fair Fund resides in an interest-bearing account at the U.S. Treasury's Bureau of Fiscal Services ("BFS").  The Fair Fund currently has a balance of $41,173,355.02.

On May 12, 2021, the Court entered an Order appointing Rust Consulting as the Distribution Agent for the Fair Fund, to assist in overseeing the administration and the distribution of the Fair Fund in coordination with Commission staff, pursuant to the terms of the Distribution Plan.

The staff of the Commission, in consultation with the Distribution Agent, has formulated the attached proposed Plan.  The SEC submits the Plan, which provides for efficient administration of the Fund based on the Plan of Allocation, attached as Exhibit A to the Plan, for approval.

## II.     **Legal Standard for Review**

### a.  **The Court May Give Significant Deference to the SEC's Distribution Plan.**

Nearly every plan to distribute funds obtained in SEC enforcement actions requires choices to be made regarding the allocation of funds among potential claimants within the parameters of the amounts recovered.  In recognition of the difficulty of this task, courts give the Commission significant discretion to design and set the parameters of a distribution plan. *See SEC v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991); *SEC v. Levine*, 881 F.2d 1165, 1181-1182 (2d Cir. 1989). The court's review of a distribution plan focuses on whether the plan is fair and reasonable. *SEC v Fishbach*, 133 F.3d 170, 175 (2nd Cir. 1997); *See Official*

*Comm. of Unsec. Creditors of Worldcom, Inc. v. SEC*, 467 F.3d 73, 81 (2d Cir. 2006)

("[U]nless the consent decree specifically provides otherwise, once the district court

satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair

and reasonable, its review is at an end) (citing *Wang*, 944 F.2d at 85)).  For the reasons

articulated below, the Commission believes that the proposed Distribution Plan for the Fair

Fund constitutes a fair and reasonable allocation of the funds available and should be

approved.

> **b. The Commission's Proposed Distribution Plan Provides a Fair and  Reasonable Allocation of the Fair Fund.**

The Commission's principal goal in fashioning a distribution plan is to identify a

methodology that would allocate the available funds fairly and reasonably, in a manner

proportional to the injury that investors suffered as a result of the actions of the Defendants.

In the Complaint against Musk and the later-filed Complaint against Tesla, the SEC

alleged that the Defendants violated the federal securities laws in connection with Musk's false

and misleading statements on Twitter in August 2018.

Pursuant to the Distribution Plan, the Net Available Fair Fund will be distributed to

Eligible Claimants according to the Plan of Allocation, attached as Exhibit A to the Plan.

The objective of the Plan of Allocation is to equitably distribute the Net Available Fair Fund

proceeds to the Eligible Claimants who suffered Recognized Losses as a result of the

violations alleged in the Commission's Complaints.

To the extent there are sufficient funds in the Fair Fund, each Eligible Claimant

will receive an amount equal to the Eligible Claimant's Recognized Loss.  If, however, the

amount in the Fair Fund is not sufficient to permit payment of the total claim of each

Eligible Claimant, then each Eligible Claimant shall be paid the percentage of the Net Available Fair Fund that each Eligible Claimant's Recognized Loss bears to the total of the Recognized Losses of all Eligible Claimants.

### III.      Conclusion

WHEREFORE, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached proposed Order and grant such other relief as the Court deems just and proper.


Dated: March 8, 2022                              Respectfully Submitted,

/s/ Adriene Mixon
Adriene Mixon
Assistant Chief Litigation Counsel
Attorney for Plaintiff
U.S. Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071
Tel: (202) 551-4463
Email: MixonA@sec.gov

### <u>CERTIFICATE OF SERVICE</u>

I, Adriene Mixon, Counsel for the United States Securities and Exchange Commission certify that on March 8, 2022, a true and correct copy of Plaintiff Securities and Exchange Commission's Motion and Memorandum to Approve a Distribution Plan was served electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

<u>s/ Adriene Mixon</u>
Adriene Mixon