quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7364

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

May 23, 2022

<u>Via ECF</u>

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl St., Room 701
New York, NY  10007

Re:   *SEC v. Elon Musk*, No. 1:18-cv-8865-LJL

Dear Judge Liman:

On behalf of Mr. Musk, we write to respectfully request that the Court issue an order amending its opinion issued April 27, 2022, Dkt. 81, pursuant to Rule 60(a), striking the phrase "without obtaining pre-approval for the tweets," Dkt. 81 at 4, from its opinion or, alternatively, adding the word "allegedly" before the word "without."

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  "The general purpose of Rule 60(a) is to afford courts a means of modifying their [orders] in order to ensure that the record reflects the actual intentions of the court."  *Ferguson v. Lion Holding, Inc.*, No. 02-CV-04258, 2007 WL 2265579, at *7 (S.D.N.Y. Aug. 6, 2007).

As discussed in the Court's opinion, the SEC served subpoenas on both Mr. Musk and Tesla seeking information as to, among other things, whether Mr. Musk had obtained pre-approval for certain tweets posted on November 6, 2021.  Dkt. 71, Exs. A, B.  On March 8, 2022, Mr. Musk moved this court to quash certain portions of a subpoena issued by the Commission and to terminate the consent decree in this case.  Dkt. 70.  In their submissions, neither Mr. Musk nor the Commission asserted that Mr. Musk had not obtained pre-approval for the November 6th tweets.  Yet, in its order, the Court wrote that, "On November 6, 2021, Musk tweeted several times concerning his potential sale of a large portion of his holdings in Tesla without obtaining pre-approval for the tweets."  Dkt. 81 at 4.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

As the Court's opinion recognizes, whether Mr. Musk obtained pre-approval for the November 6, 2021, tweets was an unresolved question of fact under investigation at the time of the Court's order. Dkt. 81 at 5. Mr. Musk therefore respectfully requests that the Court issue an order amending its opinion pursuant to Rule 60(a), striking the phrase "without obtaining pre-approval for the tweets" from its opinion or, alternatively, adding the word "allegedly" before the word "without."

We have conferred in good faith with the Commission Staff by telephone regarding this proposed correction. The Commission does not oppose this relief and does not plan to file any response to this letter motion.

Respectfully submitted,

*/s/ Alex Spiro*

Alex Spiro