UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELON MUSK,<br><br>　　　　Defendant. | Civil Action No. 1:18-cv-8865-LJL |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC.,<br><br>　　　　Defendant. | Civil Action No. 1:18-cv-8947 |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION AND MEMORANDUM FOR AN ORDER TO TRANSFER FUNDS FOR DISTRIBUTION**

**NOTICE OF MOTION**

　　　　PLEASE TAKE NOTICE that upon the accompanying Motion, Memorandum, Declaration, and Proposed Order, and all other papers and proceedings herein, Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") will move this Court, the Honorable Lewis J. Liman, for an Order to Transfer Funds for Distribution so that the Court-appointed Distribution Agent can distribute the funds to investors eligible for a distribution payment pursuant to the Court-approved Distribution Plan (the "Plan").

1

**MOTION**

In accordance with the Plan approved by this Court on March 25, 2022, Plaintiff, the SEC, respectfully submits this motion for an order:  (1) directing the SEC, in accordance with directions to be provided by the Distribution Agent, to transfer $41,532,229.44 to the escrow account established by the Distribution Agent at the Huntington National Bank, N.A. (the "Bank"); and (2) directing the Distribution Agent to distribute those funds to Eligible Claimants in accordance with the Plan.

The grounds for this Motion are set forth in the accompanying Memorandum and Declaration.

**MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER FUNDS**

**I.      Background**

On September 27, 2018, the Commission filed a civil action against Defendant Musk alleging violations of the federal securities laws in connection with certain false and misleading statements by Musk.  On October 16, 2018, the Court entered the Final Judgment that required Musk to pay a civil penalty of $20,000,000.00 and permanently enjoined Musk from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.  On September 29, 2018, the Commission filed a related civil action against Defendant Tesla alleging violations of the federal securities laws also in connection with Musk's false and misleading statements.  On October 16, 2018, the Court entered the Final Judgment that required Tesla to pay a civil penalty of $20,000,000.00 and permanently enjoined Tesla from violating Exchange Act Rule 13a-15.  As required by the Final Judgments, together Defendants have paid a total of $40,000,000.00 to the Commission.

On February 6, 2019, the Court entered an Order consolidating the two civil actions for the post-judgment purpose of distributing the funds paid by Defendants.

By Order entered February 26, 2020, the Court established a Fair Fund so that the civil penalties paid by Defendants can be distributed to harmed investors (the "Fair Fund"), and appointed Miller Kaplan Arase LLP. ("Miller Kaplan") as the tax administrator of the Fair Fund.

The Fair Fund resides in an interest-bearing account at the U.S. Treasury's Bureau of Fiscal Services ("BFS"). The Fair Fund currently has a balance of $42,304,753.44. On May 12, 2021, the Court entered an Order appointing Rust Consulting, Inc. ("Rust") as the Distribution Agent for the Fair Fund, to assist in overseeing the administration and the distribution of the Fair Fund in coordination with Commission staff, pursuant to the terms of the Plan. On March 25, 2022, upon motion of the SEC, the Court approved the Plan.

**II.     The Claims Process**

As described below and in the accompanying Declaration, Rust has completed the Claims Process, and an independent third-party firm has completed agreed upon procedures in accordance with the Plan. Based on these processes, the Distribution Agent is now ready to distribute the Fair Fund to Eligible Claimants in accordance with the Plan.

On May 20, 2022, Rust caused Postcard Plan Notice to be mailed to 4,036 Potential Claimants. *See* Declaration of Jason Rabe at ¶4, attached hereto as Exhibit A (hereinafter "Rabe Decl."). In May 2022, Rust also opened a dedicated P.O. Box, email address, website, and toll-free telephone for the Fair Fund distribution. Rabe Decl. ¶¶ 6 – 12. In May and June of 2022, Rust published the Summary Notice in the Wall Street Journal and Investor's Business Daily and caused the Summary Notice to be transmitted over the PR Newswire. *Id*. at ¶ 9. Rust received

and processed 6,396 Claims Forms. *Id*. at ¶19. Of the 6,396 Claims Forms received; Rust recommended that 3,715 of these Claims share in the distribution of the Fair Fund. *Id.*

Pursuant to paragraph 66 of the Plan, to maintain a high level of quality control, Rust retained an independent third-party firm to perform a set of agreed upon procedures, review a statistically significant sample of the Claims to ensure accurate and comprehensive application of the Plan of Allocation. The final report was sent to the Commission on August 1, 2023

## II.  The Distribution and the Requested Relief

In accordance with the Plan, Rust has established a reserve of $772,523.89, leaving a Net Available Fair Fund of $41,532,229.55. *Id*. at ¶ 21. It has further established an Escrow Account and Deposit Account at the Bank in accordance with paragraph 72 of the Plan.

Rust has prepared and submitted to the SEC staff the Payee List, including the names, addresses, and Distribution Payments of all Eligible Claimants. *Id*. at ¶ 25. Each Eligible Claimant's Distribution Payment has been calculated in accordance with the Plan. Rust has also submitted to the SEC staff a "Reasonable Assurances Letter" representing that the Payee List: (a) was compiled in accordance with the Plan; (b) is accurate as to Eligible Claimants' names, addresses, and Eligible Loss Amount; and (c) provides all information necessary to make a distribution payment to the Eligible Claimant. The SEC staff has reviewed and accepted the Payee List and Reasonable Assurances Letter.

Pursuant to the Payee List, the finalized Distribution Payments to the 3,350 Eligible Claimants totals $41,532,229.44. *Id.* at ¶ 21. Eligible Claimants will receive approximately 51.7% of their calculated Recognized Loss amount. *Id.* In accordance with paragraph 80 of the Plan, and because all conditions precedent have been completed, the SEC now asks this Court for an Order directing the SEC to transfer the Net Available Fair Fund to the Bank in accordance

with directions provided by Rust, for distribution to Eligible Claimants pursuant to the Plan. In accordance with the Plan, Rust will use its best efforts to commence mailing Distribution Payment checks or effect wire transfers within ten (10) days of the transfer of funds to the Bank. All funds shall remain in the Escrow Account, separate from Bank assets, until needed to satisfy a presented check or issue a wire. All checks presented for payment will be subject to "positive pay" controls before being honored by the Bank.

Upon completion of the distribution process, in accordance with the Plan, the SEC will move the Court for an Order approving the final accounting, discharging the Distribution Agent, and terminating the Fair Fund.

### IV.     Conclusion

WHEREFORE, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached proposed Order and grant such other relief as the Court deems just and proper.


Dated: August 23, 2023                                    Respectfully Submitted,

/s/ Adriene Mixon
Adriene Mixon
Assistant Chief Litigation Counsel
Attorney for Plaintiff
U.S. Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, CA 90071
Tel: (202) 551-4463
Email: MixonA@sec.gov

**CERTIFICATE OF SERVICE**

I, Adriene Mixon, Counsel for the United States Securities and Exchange Commission certify that on August 23, 2023, a true and correct copy of Plaintiff Securities and Exchange Commission's Motion and Memorandum for an Order to Transfer Funds for Distribution was served electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Adriene Mixon
Adriene Mixon